**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION**

NORTHERN MICHIGAN UNIVERSITY,

     Plaintiff,

vs.                                                                            Case No. 2:24-cv-00214

HAMPDEN ENGINEERING                                   Hon.
CORPORATION,

     Defendant.

---

Miller, Canfield, Paddock and Stone, P.L.C.
Erika L. Giroux (P81998)
150 West Jefferson Ave., Suite 2500
Detroit, Michigan  48226
(313) 496-7514
giroux@millercanfield.com
*Attorneys for Plaintiff*

---

**COMPLAINT**

1.     This is a straightforward case of breach of contract.  Northern Michigan University ("NMU") entered into two agreements for Hampden Engineering Corporation ("Hampden") to manufacture and deliver custom engineered devices to assist in training NMU students as skilled trades-workers like plumbers and electricians.

**Parties, Jurisdiction, and Venue**

2.     Plaintiff NMU is a public university of the State of Michigan, located in Marquette, Michigan.  *See* Mich. Const. 1963, art. VIII § 4; M.C.L. §§ 390.551–390.560.  NMU's principal office is located at 1401 Presque Isle, Marquette, Michigan 49855.

3.     NMU's mission and responsibility is to provide educational opportunities to Michigan residents and others who seek educational opportunities and training at NMU.  As a

public university, NMU receives funding from the State of Michigan each year to carry out its educational mission.

4.    Defendant Hampden is a manufacturer of electrical power distribution systems for education.  Hampden's training programs are used in occupational educational programs, engineering colleges, and industrial facilities.

5.    Hampden is incorporated under the laws of the State of Massachusetts, with its principal place of business in Massachusetts.  Hampden's principal office is located at 99 Shaker Road, P.O. Box 563, East Longmeadow, Massachusetts 01028.

6.    Jurisdiction is proper in this Court under 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

7.    This Court has personal jurisdiction over Hampden because Hampden transacted business with NMU in this State and entered into a contract to deliver goods to NMU in this State, and this action arises out of those contacts.  *See* M.C.L. § 600.715(1), (5).

8.    Venue is proper in this District because a substantial part of the events giving rise to the claim occurred in this judicial District.  *See* 28 U.S.C. § 1391(b)(2).

**The June 2023 Order**

9.    In 2023, NMU issued a Request for Quotation ("RFQ") for training machines to be used in educating and training NMU students in technical fields like plumbing and electrical work.

10.    Hampden submitted a Bid in response to NMU's RFQ, offering to sell six training machines to NMU, with delivery within 90 days of receipt of an order (Ex. 1).  Hampden's Bid included proposed payment terms of 50% down, 50% within 30 days of delivery.

11.     On June 7, 2023, NMU issued Purchase Order P0030943 to Hampden in the amount of $168,470.00, for six training machines, thereby accepting Hampden's Bid (Ex. 2) (the "June Order").

12.     On June 8, 2023, Hampden issued an Acknowledgement of the June Order, with the same item descriptions for the six trainers and the same $168,470.00 purchase price as Purchase Order P0030943 (Ex. 3).

13.      Hampden's Acknowledgement listed September 5, 2023, as the shipment date.

14.     The same day, Hampden issued Deposit Invoice 57858-1 for the June Order, requesting a 50% down payment on the June Order of $84,235.00 (Ex. 4).

15.     On June 27, 2023, NMU issued a check to Hampden in the amount of $84,235.00, as a down payment for the June Order (Ex. 5).

16.     The check scan confirms that NMU's check for the down payment on the June Order was deposited in Hampden's account at Westfield Bank on July 3, 2023 (Ex. 5).

17.     Hampden did not deliver the training machines in the June Order to NMU by the anticipated delivery date of September 5, 2023.

18.     To date, more than a year later, Hampden still has not delivered any of the training machines in the June Order to NMU.

19.     To date, Hampden has not refunded to NMU any portion of the $84,235.00 down payment made by NMU on the June Order.

## The September 2023 Order

20.     Before the June Order was supposed to be delivered in September 2023, NMU requested a quotation from Hampden for an additional training machine, this time, a refrigeration training unit.

21.     On August 29, 2023, Hampden submitted a Quotation to NMU, offering to sell the requested training unit to NMU, with delivery within 90 days of receipt of an order (Ex. 6). Hampden's Quotation included proposed payment terms of 50% down, 50% within 30 days of delivery.

22.     On September 1, 2023, NMU issued Purchase Order P0031448 to Hampden in the amount of $63,336.00, for the additional refrigeration training unit (Ex. 7) (the "September Order").

23.     On September 1, 2023, Hampden issued an Acknowledgement of the September Order, with the same item description for the additional training unit and the same $63,336.00 purchase price as Purchase Order P0021448 (Ex. 8).   Hampden's Acknowledgement listed November 30, 2023, as the shipment date.

24.     The same day, Hampden issued Deposit Invoice 57924-1 for the September Order, requesting a 50% down payment on the September Order of $31,668.00 (Ex. 9).

25.     On September 7, 2023, NMU issued a check to Hampden in the amount of $31,668.00, as a down payment for the September Order (Ex. 10).

26.     The check scan confirms that NMU's check for the down payment on the June Order was deposited in Hampden's account at Westfield Bank on September 15, 2023 (Ex. 10).

27.     Hampden did not deliver the training unit in the September Order to NMU by the anticipated delivery date of November 30, 2023.

28.     To date, more than a year later, Hampden still has not delivered the training unit in the September Order to NMU.

29.     To date, Hampden has not refunded to NMU any portion of the $31,668.00 down payment made by NMU on the September Order.

**Attempts to Contact Hampden**

30.    Over the course of many months, NMU has attempted to contact Hampden numerous times regarding the status of the June Order and September Order.  These efforts include multiple emails and phone calls.  (*See* Exs. 11, 12).

31.    The last substantive update that NMU received from Hampden was on March 19, 2024, when Hampden's CEO stated that "[y]our order is well into production right now" and indicated that Hampden anticipated shipping the training machines by mid-April 2024 ("This would mean we can have everything shipped out no later than the 3rd week in April.").  (Ex. 11, p. 4).

32.    The training machines were not delivered in mid-April 2024, nor at any time since then.

33.    NMU has not received any communication from Hampden since May 2024 regarding the June Order or September Order.

34.    On July 25, 2024, NMU sent a letter demanding that Hampden remedy its breaches of the parties' agreements (Ex. 13).

35.    To date, Hampden has not responded to NMU's July 25, 2024 letter, delivered the training machines, or refunded any portion of the down payments made by NMU.

**COUNT I: BREACH OF CONTRACT – June Order**

36.    NMU incorporates the preceding allegations in paragraphs 1 through 35 as though fully re-alleged and set forth herein.

37.    NMU and Hampden are each parties competent to contract.

38.    NMU and Hampden reached a valid and binding agreement on the June Order for Hampden to manufacture and deliver six training machines to NMU within 90 days of the order,

in exchange for payment by NMU of $168,470.00, which is good, valuable, and legally sufficient consideration.

39.     The subject matter of the June Order is lawful.

40.     Hampden breached the parties' contract by failing to deliver any of the training machines in the June Order.

41.     Hampden further breached the parties' contract by retaining NMU's $84,235.00 down payment on the June Order.

42.     NMU has been damaged by Hampden's breach of the parties' contract on the June Order in the amount of $84,235.00, plus interest, costs, and attorney fees.

43.     NMU has further been damaged by Hampden's failure to timely deliver the training machines in the June Order, which has inhibited the training and education of NMU students.

## COUNT II: BREACH OF CONTRACT – September Order

44.     NMU incorporates the preceding allegations in paragraphs 1 through 35 as though fully re-alleged and set forth herein.

45.     NMU and Hampden are each parties competent to contract.

46.     NMU and Hampden reached a valid and binding agreement on the September Order for Hampden to manufacture and deliver a refrigeration training unit to NMU within 90 days of the order, in exchange for payment by NMU of $63,336.00, which is good, valuable, and legally sufficient consideration.

47.     The subject matter of the September Order is lawful.

48.      Hampden breached the parties' contract by failing to deliver the training unit in the September Order.

49.    Hampden further breached the parties' contract by retaining NMU's $31,668.00 down payment on the September Order.

50.    NMU has been damaged by Hampden's breach of the parties' contract on the September Order in the amount of $31,668.00, plus interest, costs, and attorney fees.

51.    NMU has further been damaged by Hampden's failure to timely deliver the training unit in the September Order, which has inhibited the training and education of NMU students.

## COUNT III: UNJUST ENRICHMENT

52.    NMU incorporates the preceding allegations in paragraphs 1 through 35 as though fully re-alleged and set forth herein.

53.    NMU conferred a benefit on Hampden by paying Hampden $115,903.00, comprised of two down payments, one each on the June Order and on the September Order.

54.    Hampden has unjustly retained the $115,903.00 paid to Hampden by NMU.  To date, Hampden has not delivered to NMU the products that it agreed to manufacture and deliver in the June Order or September Order, for which NMU made the down payments.

55.    Hampden has been unjustly enriched at NMU's expense in the amount of $115,903.00.

56.    It would be unjust and unfair for Hampden to continue to retain the $115,903.00 paid to Hampden by NMU, as Hampden has provided no valuable product or service to NMU in exchange for those funds.

WHEREFORE, Plaintiff Northern Michigan University respectfully requests that this Court enter a judgment in NMU's favor and against Defendant Hampden Engineering Corporation in the amount of $115,903.00, plus interest, costs, and attorney fees, and award any other relief that this Court deems just and equitable.

Respectfully submitted,

Miller, Canfield, Paddock and Stone, P.L.C.

By: */s/ Erika L. Giroux*
    Erika L. Giroux (P81998)
    150 West Jefferson Ave., Suite 2500
    Detroit, Michigan 48226
    (313) 496-7514
    giroux@millercanfield.com
    *Attorneys for Plaintiff*

Dated: December 19, 2024

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

NORTHERN MICHIGAN UNIVERSITY,

     Plaintiff,

vs.                                                          Case No.

HAMPDEN ENGINEERING                          Hon.
CORPORATION,

     Defendant.

---

Miller, Canfield, Paddock and Stone, P.L.C.
Erika L. Giroux (P81998)
150 West Jefferson Ave., Suite 2500
Detroit, Michigan  48226
(313) 496-7514
giroux@millercanfield.com
*Attorneys for Plaintiff*

---

## JURY DEMAND

     Plaintiff Northern Michigan University hereby demands a trial by jury on all issues in this

matter so triable.

                    Respectfully submitted,

                    Miller, Canfield, Paddock and Stone, P.L.C.

                    By: */s/ Erika L. Giroux*
                        Erika L. Giroux (P81998)
                        150 West Jefferson Ave., Suite 2500
                        Detroit, Michigan 48226
                        (313) 496-7514
                        giroux@millercanfield.com
                        *Attorneys for Plaintiff*

Dated: December 19, 2024

43075591.4/065483.00294